**FILED**
CLERK, U.S. DISTRICT COURT

08/03/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

STEPHANIE S. CHRISTENSEN
Acting United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
ROBERT J. KEENAN (Bar No. 151094)
Assistant United States Attorney
  UNITED STATES ATTORNEY'S OFFICE
  411 W. Fourth Street
  Suite 8000
  Santa Ana, California 92701
  Telephone: (714) 338-3597
  Facsimile: (714) 338-3708
  E-Mail:    rob.keenan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 8:22-cr-00111-DOC |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JEROME JOSEPH GANIS |
| v. | |
| JEROME JOSEPH GANIS,<br> aka "Jerry Ganis," | [18 U.S.C. § 2252A(a)(2)(A)]<br>[18 U.S.C. § 2252A(a)(5)(B)] |
| Defendant. | |

　　　1.　　This constitutes the plea agreement between JEROME JOSEPH

GANIS ("defendant") and the United States Attorney's Office for the

Central District of California (the "USAO") in the above-captioned

case.　This Agreement is limited to the USAO and cannot bind any

other federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authorities.

1

**DEFENDANT'S OBLIGATIONS**

2. Defendant agrees to:

a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Counts ONE and TWO of the two-count Information in the form attached to this Agreement as Exhibit "A" or a substantially similar form, which charge defendant with the following felony offenses: (1) Distribution of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1); and (2) Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2).

b. Not contest facts agreed to in this Agreement.

c. Abide by all agreements regarding sentencing contained in this Agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the Court and the United States Probation and Pretrial Services Office ("United States Probation Office").

g. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

DATE: June 30, 2022 v.9

1          h.   Not seek the discharge of any restitution obligation,

2   in whole or in part, in any present or future bankruptcy proceeding.

3          i.   Agree to and not oppose the imposition of the

4   following conditions of supervised release:

5          i.   Defendant shall register as a sex offender,
    and keep the registration current, in each
6          jurisdiction where defendant resides, where defendant
    is an employee, and where defendant is a student, to
7          the extent the registration procedures have been
    established in each jurisdiction.  When registering
8          for the first time, defendant shall also register in
    the jurisdiction in which the conviction occurred if
9          different from defendant's jurisdiction of residence.
    Defendant shall provide proof of registration to the
10         Probation Officer within three days of defendant's
    placement on probation/release from imprisonment.

11

12         ii.  Defendant shall participate in a
    psychological counseling and/or psychiatric treatment
13         and/or a sex offender treatment program, which may
    include inpatient treatment upon order of the Court,
14         as approved and directed by the Probation Officer.
    Defendant shall abide by all rules, requirements, and
15         conditions of such program, including submission to
    risk assessment evaluations and physiological testing,
16         such as polygraph and Abel testing, but the defendant
    retains the right to invoke the Fifth Amendment.  The
17         Probation Officer shall disclose the presentence
    report and/or any previous mental health evaluations
    or reports to the treatment provider.

18

19         iii. As directed by the Probation Officer,
    defendant shall pay all or part of the costs of
20         treating defendant's psychological/psychiatric
    disorder(s) to the aftercare contractor during the
21         period of community supervision, pursuant to 18 U.S.C.
    § 3672.  Defendant shall provide payment and proof of
    payment as directed by the Probation Officer.

22

23         iv.  Defendant shall not view or possess any
    materials, including pictures, photographs, books,
24         writings, drawings, videos, or video games, depicting
    and/or describing child pornography, as defined in
25         18 U.S.C. §2256(8), or sexually explicit conduct
    depicting minors, as defined at 18 U.S.C. §2256(2).
26         The defendant shall not possess or view any materials
    such as videos, magazines, photographs, computer
27         images or other matter that depicts "actual sexually
    explicit conduct" involving adults as defined by 18
    U.S.C. § 2257(h)(1).  This condition does not prohibit
28         defendant from possessing materials solely because

3

DATE: June 30, 2022 v.9

they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment, when defendant's treatment provider or the probation officer has approved of defendant's possession of the materials in advance.

v.   Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notifies said parent or legal guardian of defendant's conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must interact in order to obtain ordinary and usual commercial services.

vi.   Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

vii.  Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

viii.  Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

ix.   Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

x.   Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten days prior to any scheduled change.

xi.   Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the

4

DATE: June 30, 2022 v.9

age of 18.  Defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. Defendant shall submit the address of the proposed residence to the Probation Officer at least ten days prior to any scheduled move.

xii.  Defendant shall submit defendant's person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without warrant, by any law enforcement or Probation Officer with reasonable suspicion concerning a violation of a condition of probation/supervised release or unlawful conduct by defendant, and by any Probation Officer in the lawful discharge of the officer's supervision function.

xiii.  The defendant shall possess and use only those computers and computer-related devices, screen usernames, passwords, email accounts, and internet service providers (ISPs), social media accounts, messaging applications and cloud storage accounts, that have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to the first use.  Computers and computer-related devices are those personal computers, internet appliances, electronic games, cellular telephones, digital storage media, and their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers to view or obtain materials with depictions of sexually explicit conduct involving children, as defined by 18 U.S.C. § 2256(2).

xiv.  All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search and seizure.  This shall not apply to items used at the employment's site that are maintained and monitored by the employer.

xv.  Defendant shall comply with the rules and regulations of the Computer Monitoring Program. Defendant shall pay the cost of the Computer Monitoring Program, in an amount not to exceed $32 per month per device connected to the internet.

### **USAO'S OBLIGATIONS**

3.  The USAO agrees to:

a.  Not contest facts agreed to in this Agreement.

DATE: June 30, 2022 v.9

1          b.   Abide by all agreements regarding sentencing contained

2 in this Agreement.

3          c.   At the time of sentencing, provided that defendant

4 demonstrates an acceptance of responsibility for the offense up to

5 and including the time of sentencing, recommend a two-level reduction

6 in the applicable Sentencing Guidelines offense level, pursuant to

7 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

8 additional one-level reduction if available under that section.

9          d.   Recommend that defendant be sentenced to a term of

10 imprisonment no higher than the low end of the applicable Sentencing

11 Guidelines range, <u>provided</u> that the Total Offense Level used by the

12 Court to determine that range is  34  or higher and provided that the

13 Court does not depart downward in Offense Level or Criminal History

14 Category.  For purposes of this Agreement, the low-end of the

15 Sentencing Guidelines range is that defined by the Sentencing Table

16 in U.S.S.G. Chapter 5, Part A.

17          e.   Recommend that defendant be sentenced to a term of

18 supervised release no more than 20 years following his term of

19 imprisonment.

20 **NATURE OF THE OFFENSES**

21    4.   Defendant understands that for defendant to be guilty of

22 the crime charged in <u>Count ONE</u> of the Information, that is,

23 Distribution of Child Pornography, in violation of Title 18, United

24 States Code, Sections 2252A(a)(2)(A), (b)(1), the following must be

25 true: (1) defendant knowingly distributed child pornography (<u>i.e.</u>, a

26 visual depiction of a minor engaged in sexually explicit conduct, as

27 defined in 18 U.S.C. § 2256(2)); (2) defendant knew that the item

28 contained a visual depiction of a minor engaged in sexually explicit

DATE: June 30, 2022 v.9

conduct; and (3) the item of child pornography (a) was distributed using any means or facility of interstate or foreign commerce, (b) had been mailed, or (c) had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

5.    Defendant understands that for defendant to be guilty of the crime charged in Count TWO of the Information, that is, Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2), the following must be true: (1) defendant knowingly possessed a computer disk or other material that contained at least one image of child pornography; (2) defendant knew that the item contained a visual depiction of a minor engaged in sexually explicit conduct; and (3) the image of child pornography had been (a) mailed; (b) shipped or transported using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce by any means, including by computer; or (c) produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.  Defendant understands that, for defendant to be subject to the heightened statutory maximum set forth below regarding this Count, it must also be true that the offense involved a prepubescent minor or minor who had not attained 12 years of age.

**PENALTIES AND RESTITUTION**

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1) (Distribution of Child Pornography), as charged in Count ONE of the Information, is as follows: 20 years'

7

imprisonment; a lifetime term of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.  The statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2) (Possession of Child Pornography), as charged in <u>Count TWO</u> of the Information, is as follows: 20 years' imprisonment; a life-term of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.  Therefore, the total maximum sentence that the Court could impose for all of the counts to which defendant is pleading guilty is as follows: 40 years' imprisonment; a life-term of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $200.

7.   Defendant understands that the statutory <u>mandatory-minimum</u> sentence that the Court must impose for a violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), as charged in Count ONE, is: five years' imprisonment; a five-year term of supervised release; and a mandatory special assessment of $100.

8.   Defendant understands that, pursuant to 18 U.S.C. § 3014(a), the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.  Pursuant to 18 U.S.C. § 2259A(a), the Court shall also impose an assessment of not more than $35,000 based on the conviction for distribution of child pornography, which, under 18 U.S.C. § 2259(c)(3), is an offense that constitutes "trafficking in

8

child pornography."  The amount of the assessment authorized under § 2259A(a) varies, and the Court will determine the amount based on factors set forth in 18 U.S.C. §§ 3553(a) and 3572.

9.   Defendant understands and agrees that pursuant to 18 U.S.C. § 2259, defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this Agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim for any losses suffered by that victim as a result any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty.  The parties have no agreement regarding the amount of restitution that is owing to any such victims.

10.   Under 18 U.S.C. § 3583(d), defendant will be required to register as a sex offender as a condition of supervised release. Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

11.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part

9

of the term of supervised release authorized by statute for the
offenses that resulted in the term of supervised release.

12.   Defendant understands that, by pleading guilty, defendant
may be giving up valuable government benefits and valuable civic
rights, such as the right to vote, the right to possess a firearm,
the right to hold office, and the right to serve on a jury.
Defendant understands that he is pleading guilty to felony offenses
and that it is a federal crime for a convicted felon to possess a
firearm or ammunition.  Defendant understands that the convictions in
this case may also subject defendant to various other collateral
consequences, including but not limited to revocation of probation,
parole, or supervised release in another case and suspension or
revocation of a professional license.  Defendant understands that
unanticipated collateral consequences will not serve as grounds to
withdraw defendant's guilty pleas.

13.   Defendant understands that, if defendant is not a United
States citizen, the conviction in this case makes it practically
inevitable and a virtual certainty that defendant will be removed or
deported from the United States.  Defendant may also be denied United
States citizenship and admission to the United States in the future.
Defendant understands that while there may be arguments that
defendant can raise in immigration proceedings to avoid or delay
removal, removal is presumptively mandatory and a virtual certainty
in this case.  Defendant further understands that removal and
immigration consequences are the subject of a separate proceeding and
that no one, including defendant's attorney or the Court, can predict
to an absolute certainty the effect of his conviction on his
immigration status.  Defendant nevertheless affirms that he wants to

10

DATE: June 30, 2022 v.9

plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

14.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in Paragraph 16 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

(a)   On or about December 28, 2019, in Orange County, within the Central District of California, defendant GANIS knowingly distributed child pornography, that is, a visual depiction of a minor engaged in sexually explicit conduct, to another person using a means and facility of interstate and foreign commerce.  Specifically, defendant knowingly distributed a digital file containing five photographs depicting a naked female minor, approximately 6-10 years old, engaged in sexually explicit conduct: (a) three images depict the girl orally copulating an adult male; (b) one image shows the male's penis inserted in her anus; and (c) one image depicts a lascivious exhibition of the girl's vagina.  The photographs were contained in a file

DATE: June 30, 2022 v.9

with the name specified in Count ONE of the Information, "128fd366-f551-4361-948e-f7d038015581.jpg."  At the time he distributed the digital file, defendant knew it contained child pornography.

(b)  Defendant distributed the child pornography via the internet and telecommunication lines, specifically, through use of the internet-based telecommunications application known as "Skype," which allows users to distribute material via instant messaging and file transfers during live chat sessions.  Defendant did so using his Skype account "live:jjcg0101."  Defendant previously obtained the images from the internet via similar means.  Thus, the images had been shipped and transported in and affecting interstate and foreign commerce.

(c)  On September 11, 2020, at his residence in Irvine, California, within the Central District of California, defendant knowingly possessed multiple digital storage devices, including portable hard-drives and flash-drives, each of which contained at least one image of child pornography.  As defendant well knew, each of the computer storage devices contained visual depictions of a minor engaged in sexually explicit conduct, and many of the images involved a prepubescent minor and a minor who had not attained 12 years of age.  Defendant obtained

12

1   the child pornography via the internet.  Thus, the

2   images of child pornography had been shipped or

3   transported using a means or facility of interstate

4   or foreign commerce, and in or affecting interstate

5   or foreign commerce by any means, including by

6   computer.

7        (d)   Defendant knowingly possessed child

8   pornography on the following devices, among others:

9   **(1)** a 2TB Western Digital hard-drive, Serial No.

10   WX61AC7E7EY1, which contained, among other images,

11   the following: (a) a photograph, under file name

12   "1540089230570.jpeg," depicting the lascivious

13   exhibition of a naked girl, approximately 11 years

14   old, with her mouth taped shut and pins clipped to

15   her nipples and genitals; and (b) a photograph,

16   under file name "bondage-underage-penetration.jpg,"

17   depicting an adult male's penis penetrating the

18   vagina of a prepubescent girl, whose legs are bound

19   with duct-tape; **(2)** a 500 GB Samsung Portable SSD

20   drive, Serial No. S49WNV0M111389K, which contained,

21   among other images, the following: (a) a photograph,

22   under file name "1539994943515.jpeg," depicting a

23   naked girl, approximately 7 years old, straddling a

24   nude adult male, with her vagina clearly visible and

25   her hands on his erect penis, with another girl,

26   approximately 9 years old, whose vagina is also

27   visible, with a leg draped over one of the male's

28   legs, and with a naked baby crawling nearby on the

13

bed; (b) a photograph, under file name "6 copy.jpg," depicting the lascivious exhibition of the genitals of a naked, prepubescent girl, approximately 9 years old; and **(3)** another 2TB Western Digital "My Passport" hard-drive, Serial No. WXN1A18RLNX5, which contained, among other images, a 17-minute long video file with the name "Phtc-6Yo Girl Suck and Fuck with Daddy, Pussy Creampie.avi," depicting a naked girl, approximately 8 years old, engaged in acts of oral copulation and anal and vaginal intercourse with an adult male.

(e)  Defendant's possession offense involved material that portrayed sadistic and masochistic treatment of minors and the sexual abuse or exploitation of an infant or toddler.  Defendant possessed approximately 384 videos and approximately 2,200 photographs involving child pornography.

### SENTENCING FACTORS

15.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds

appropriate between the mandatory minimum and up to the maximum set by statute for the crimes of conviction.

16.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| **Base Offense Level**: | 22 | USSG § 2G2.2(a)(2) |
| **Offense Characteristics** | | |
| Material involved a prepubescent minor or a minor under 12 years of age: | +2 | USSG § 2G2.2(b)(2) |
| Distribution, but not to minors and not for gain: | +2 | USSG § 2G2.2(b)(3)(F) |
| Material portrays (a) sadistic or masochistic conduct or (b) the sexual abuse or exploitation of an infant or toddler: | +4 | USSG § 2G2.2(b)(4)(B) |
| Computer or interactive internet service was used for possession and distribution of the material: | +2 | USSG § 2G2.2(b)(6) |
| 600+ Images: | +5 | USSG § 2G2.2(b)(7)(D); Note 6(B)(ii) |
| **Adjustments** | | |
| Acceptance of Responsibility (conditional): | -3 | USSG § 3E1.1 (subject to conditions in Paragraph 3(c) above) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

17.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18.   Subject to the mandatory minimum sentence, defendant reserves the right to argue for a sentence below the advisory sentencing range established by the Sentencing Guidelines based on

15

the factors set forth in 18 U.S.C. § 3553(a).  Likewise, and because the Court is not bound to accept its sentencing recommendation, the USAO reserves, without limitation, the right to make any and all arguments in support of the sentencing recommendation it has promised to make in Paragraph 3(d) hereof, including the citation of aggravating facts and regardless whether those facts are then known to the Court.  The USAO also reserves the right to make any and all arguments in opposition to a defense request for, or U.S. Probation Office recommendation of, any sentence below the USAO's sentencing recommendation.  Defendant agrees that no such arguments by the USAO shall be deemed contrary to the USAO's promised sentencing recommendation or otherwise constitute a breach, express or tacit, of Paragraph 3(d) or any other part of this Agreement.

### WAIVER OF CONSTITUTIONAL RIGHTS

19.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  (Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.)

d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

16

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charge, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF RETURN OF DIGITAL DATA

20. Understanding that the government has in its possession digital devices and digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and digital media and agrees that if any of these digital devices or digital media are returned to defendant, the government may delete all digital data from those digital devices and digital media before they are returned to defendant.

## WAIVER OF APPEAL OF CONVICTION

21. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant

17

DATE: June 30, 2022 v.9

is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## WAIVERS OF APPEAL OF SENTENCE

22. Defendant agrees that, provided the Court imposes a total term of imprisonment on the counts of conviction that is within or below the Sentencing Guidelines range corresponding to Total Offense Level __34__ and the Criminal History Category calculated by the Court, defendant waives and gives up the right to appeal: (a) the total term of imprisonment imposed by the Court; and (b) the procedures and calculations used by the Court to determine and impose the term of imprisonment. Defendant also waives and gives up the right to appeal all of the following other portions of the sentence: (a) the fine imposed by the Court, provided it is within or below the advisory range set forth in USSG § 5E1.2; (b) the term of supervised release imposed by the Court, provided it is within the statutory maximum; and (c) any of the following conditions of supervised release imposed by the Court: (i) the conditions set forth in Second Amended General Order 20-04 of this Court; (ii) the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); (iii) the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); (iv) the conditions agreed to by defendant in Paragraph 2(i) hereof; and (v) any other condition to which defendant does not object at or before sentencing. Defendant reserves the right to appeal the restitution ordered for any victim.

23. The USAO agrees that it gives up its right to appeal any portion of the sentence, provided all portions of the sentence are at or above the statutory minimums and at or below the statutory

DATE: June 30, 2022 v.9

maximums specified above, and the Court imposes a term of imprisonment within or above the range corresponding to Total Offense Level  34  and the Criminal History Category calculated by the Court, except that the USAO reserves the right to appeal the restitution ordered for any victim.

## WAIVER OF COLLATERAL ATTACK

24.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the parties' Sentencing Guideline stipulations are erroneous, that any statute to which defendant is pleading guilty is unconstitutional, and that the statement of "Factual Basis" provided herein is insufficient to support defendant's guilty pleas.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

25.  Defendant agrees that if, after entering guilty pleas pursuant to this Agreement, defendant seeks to withdraw and succeeds in withdrawing either of his guilty pleas on any basis other than a claim and finding that entry into this Agreement was involuntary, then the USAO will be relieved of all of its obligations under this Agreement.

## BREACH OF AGREEMENT

26.  Defendant agrees that if defendant, at any time after the Effective Date of this Agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a

DATE: June 30, 2022 v.9

breach"), the USAO may declare this Agreement breached.  All of defendant's obligations are material, a single breach of this Agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this Agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this Agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this Agreement.

**COURT AND U.S. PROBATION OFFICE ARE NOT PARTIES**

27.  Defendant understands that the Court and the United States Probation Office are not parties to this Agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this Agreement.  Defendant understands that no one — not the prosecutor, defendant's attorney, or the Court — can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

29.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the Court and the United States Probation Office; (b) correct any

DATE: June 30, 2022 v.9

and all factual misstatements relating to the Court's Sentencing
Guidelines calculations and determination of sentence; and (c) argue
on appeal and collateral review that the Court's Sentencing Guideline
calculations and the sentence it chooses to impose are not error and,
if erroneous, should nonetheless be affirmed, <u>although</u> each party
agrees to maintain its view that the Guideline stipulations in
Paragraph 16 are consistent with the facts of this case.  While this
paragraph permits both the USAO and defendant to submit full and
complete factual information to the Court and the United States
Probation Office, even if that factual information may be viewed as
inconsistent with the facts agreed to in this Agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this Agreement.

<b><u>NO ADDITIONAL AGREEMENTS</u></b>

30.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

<b><u>EFFECTIVE DATE OF AGREEMENT</u></b>

31.  This Agreement is effective upon execution of this
Agreement by all parties and execution of the attached certifications
by defendant and defendant's counsel.

/ / /

/ / /

/ / /

/ / /

/ / /

21

1

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2      32.   The parties agree that this Agreement will be considered

3 part of the record of defendant's guilty plea hearing as if the

4 entire Agreement had been read into the record of the proceeding.

5 AGREED AND ACCEPTED:

6 U.S. ATTORNEY'S OFFICE FOR THE
CENTRAL DISTRICT OF CALIFORNIA

7

8 STEPHANIE S. CHRISTENSEN
Acting United States Attorney

9

10 _____          __August 1, 2022__
ROBERT J. KEENAN                          Date
Assistant United States Attorney

11

12 _____          __7 - 7 - 2022__
JEROME JOSEPH GANIS                        Date
Defendant

13

14 _____          __7/7/22__
MARC B. GELLER                            Date

15 Attorney for Defendant

16

17

18

19

20

21

22

23

24

25

26

27

28

22

1                    **CERTIFICATION OF DEFENDANT**

2         I have read this Agreement in its entirety.  I have had enough

3    time to review and consider this Agreement, and I have carefully and

4    thoroughly discussed every part of it with my attorney.  I understand

5    the terms of this Agreement, and I voluntarily agree to those terms.

6         I have discussed the evidence with my attorney, and my attorney

7    has advised me of my rights, of possible pretrial motions that might

8    be filed, of possible defenses that might be asserted either prior to

9    or at trial, of the sentencing factors set forth in 18 U.S.C.

10   § 3553(a), of relevant Sentencing Guidelines provisions, and of the

11   consequences of entering into this Agreement.

12        No promises, inducements, or representations of any kind have

13   been made to me other than those contained in this Agreement.  No one

14   has threatened or forced me in any way to enter into this Agreement.

15        I am satisfied with the representation of my attorney in this

16   matter, and I am pleading guilty because I am guilty of the charges

17   and wish to take advantage of the promises set forth in this

18   Agreement, and not for any other reason.

19   _____          7-7-2022
                                          _____
20   JEROME JOSEPH GANIS                   Date
     Defendant

21

22

23

24

25

26

27

28
                                    23

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2      I am JEROME JOSEPH GANIS's attorney.  I have carefully and

3 thoroughly discussed every part of this Agreement with my client.

4      I have fully advised my client of his rights, of possible

5 pretrial motions that might be filed, of possible defenses that might

6 be asserted either prior to or at trial, of the sentencing factors

7 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8 provisions, and of the consequences of entering into this Agreement.

9      To my knowledge: no promises, inducements, or representations of

10 any kind have been made to my client other than those contained in

11 this agreement; no one has threatened or forced my client in any way

12 to enter into this agreement; my client's decision to enter into this

13 agreement is an informed and voluntary one; and the factual basis set

14 forth in this Agreement is sufficient to support my client's entry of

15 guilty pleas pursuant to this Agreement.

16

17 _____          Date  2/7/22

MARC B. GELLER
Attorney for Defendant

18

19

20

21

22

23

24

25

26

27

28

28

24

Exhibit "A"

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                          SOUTHERN DIVISION

11

12  UNITED STATES OF AMERICA,          Case No.

13              Plaintiff,             I N F O R M A T I O N

14        v.                           [18 U.S.C. §§ 2252A(a)(2)(A),
                                        (b)(1): Distribution of Child
15  JEROME JOSEPH GANIS,               Pornography; 18 U.S.C.
      aka "Jerry Ganis,"               §§ 2252A(a)(5)(B), (b)(2):
16                                      Possession of Child Pornography;
              Defendant.               18 U.S.C. § 2253: Criminal
17                                      Forfeiture]

18

19

20        The Acting United States Attorney charges:

21                              COUNT ONE

22              [18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

23        On or about December 28, 2019, in Orange County, within the

24  Central District of California, defendant JEROME JOSEPH GANIS, also

25  known as "Jerry Ganis," knowingly distributed child pornography, as

26  defined in Title 18, United States Code, Section 2256(8)(A), using a

27  means and facility of interstate and foreign commerce, namely,

28  through use of an account "live:jjcg0101" on Skype, an internet-based

telecommunications application that allows users to distribute video and photographic files via instant messaging and file transfers, and which images had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant GANIS distributed consisted of five digital photographs in a file named, "128fd366-f551-4361-948e-f7d038015581.jpg."

1          COUNT TWO

2     [18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

3          On or about September 11, 2020, in Orange County, within the

4     Central District of California, defendant JEROME JOSEPH GANIS, also

5     known as "Jerry Ganis," knowingly possessed a 2TB Western Digital "My

6     Passport" hard-drive, Serial No. WX61AC7E7EY1; a 2TB Western Digital

7     "My Passport" hard-drive, Serial No. WXN1A18RLNX5; and a 500 GB

8     Samsung Portable SSD-drive, Serial No. S49WNV0M111389K, each of which

9     contained at least one image of child pornography, as defined in

10    Title 18, United States Code, Section 2256(8)(A), which involved a

11    prepubescent minor and a minor who had not attained 12 years of age,

12    that had been shipped and transported using any means and facility of

13    interstate and foreign commerce and in and affecting interstate and

14    foreign commerce by any means, including by computer, and that had

15    been produced using materials that had been mailed, shipped, and

16    transported in and affecting interstate and foreign commerce by any

17    means, including by computer, knowing that the images were child

18    pornography.

19         The child pornography that defendant GANIS possessed on the 2TB

20    Western Digital "My Passport" hard-drive, Serial No. WX61AC7E7EY1,

21    included the following image files: (1) "16000000k.jpg";

22    (2) "1540089230570.jpeg"; and (3) "bondage-underage-penetration.jpg."

23         The child pornography that defendant GANIS possessed on the 2TB

24    Western Digital "My Passport" hard-drive, Serial No. WXN1A18RLNX5,

25    included the following video file: "Phtc-6Yo Girl Suck and Fuck with

26    Daddy, Pussy Creampie.avi."

27         The child pornography that defendant GANIS possessed on the

28    500 GB Samsung Portable SSD drive, Serial No. S49WNV0M111389K,

                                    3

included the following image files: (1) "1539994943515.jpeg"; and
(2) "6 copy.jpg."

1                        FORFEITURE ALLEGATION

2                           [18 U.S.C. § 2253]

3       1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Section 2253, in the event of the defendant's

7  conviction of the offenses set forth in either of Counts One or Two

8  of this Information.

9       2.    The defendant, if so convicted, shall forfeit to the United

10  States of America the following property:

11           (a)  All right, title, and interest in any visual depiction

12  involved in any such offense, or any book, magazine, periodical, film

13  videotape, or other matter which contains any such visual depiction,

14  which was produced, transported, mailed, shipped, or received in

15  connection with any such offense;

16           (b)  All right, title, and interest in any property, real

17  or personal, constituting or traceable to gross profits or other

18  proceeds obtained from such offense;

19           (c)  All right, title, and interest in any property, real

20  or personal, used or intended to be used to commit or to promote the

21  commission of such offense or any property traceable to such

22  property, including but not limited to the following:

23                (1)  a 2TB Western Digital "My Passport" hard-

24                     drive, Serial No. WX61AC7E7EY1;

25                (2)  a 2TB Western Digital "My Passport" hard-

26                     drive, Serial No. WXN1A18RLNX5;

27                (3)  500 GB Samsung Portable SSD-drive, Serial

28                     No. S49WNV0M111389K;

                                  5

1      (4)  two 8 GB Lexar USB flash-drive;

2      (5)  two 64 GB Lexar USB flash-drives;

3      (6)  a 128 GB SanDisk USB flash-drive; and

4      (7)  an Apple MacBook Pro, Serial No.

5      C02PR0G0FVH9.

6      (d)  To the extent such property is not available for

7  forfeiture, a sum of money equal to the total value of the property

8  described in subparagraphs (a), (b), and (c).

9      3.  Pursuant to Title 21, United States Code, Section 853(p),

10 as incorporated by Title 18 Section 2253(b), the defendant, if so

11 convicted, shall forfeit substitute property, up to the total value

12 of the property described in the preceding paragraph if, as the

13 result of any act or omission of the defendant, the property

14 described in the preceding paragraph, or any portion thereof:

15 (a) cannot be located upon the exercise of due diligence; (b) has

16 been transferred, sold to or deposited with a third party; (c) has

17 been placed beyond the jurisdiction of the court; (d) has been

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1   substantially diminished in value; or (e) has been commingled with

2   other property that cannot be divided without difficulty.

3                             STEPHANIE S. CHRISTENSEN
                                    Acting United States Attorney

4

5

6                             SCOTT M. GARRINGER
                             Assistant United States Attorney
                             Chief, Criminal Division

7

8                             BENJAMIN R. BARRON
                             Assistant United States Attorney
                             Chief, Santa Ana Branch Office

9

10                           JENNIFER L. WAIER
                             Assistant United States Attorney
                             Deputy Chief, Santa Ana Branch Office

11

12                           ROBERT J. KEENAN
                             Assistant United States Attorney
                             Santa Ana Branch Office

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28